Dear Representative Cantrell:
This letter is in response to your question asking:
 Is a properly adopted ordinance the only method by which a fourth class city may employ special counsel (see Section 79.230 RSMo.).
The facts giving rise to this question are stated in your opinion request as follows:
 The City Attorney of Overland, Mo. resigned under pressure from the Board of Aldermen. The Board of Aldermen wishes to appoint a Special Counsel. The Mayor opposes this step and will veto such an ordinance. There are insufficient votes on the Board to override the veto. The question relates to whether the Board can appoint Special Counsel by motion or resolution without the Mayor's approval or a veto overriding majority.
Section 79.230, RSMo 1978, states:
 The mayor, with the consent and approval of the majority of the members of the board of aldermen, shall have power to appoint a treasurer, city attorney, city assessor, street commissioner and night watchman, and such other officers as he may be authorized by ordinance to appoint, and if deemed for the best interests of the city, the mayor and board of aldermen may, by ordinance, employ special counsel to represent the city, either in a case of a vacancy in the office of city attorney or to assist the city attorney, and pay reasonable compensation therefor,
and the person elected marshal may be appointed to and hold the office of street commissioner. [Emphasis added.]
Fourth class cities are governed by the Dillon rule, which states:
 "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers and no others: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation — not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation and the power is denied."
State ex rel. City of Blue Springs v. McWilliams, 335 Mo. 816,74 S.W.2d 363, 364 (Banc 1934) (quoting, 1 Dillon on Municipal Corporations, Section 89 (3rd Ed.)). Another rule governing fourth class cities is that where the General Assembly has prescribed the manner by which a municipal power will be exercised, the right to exercise the power given in any other manner is necessarily denied.McWilliams, 74 S.W.2d at 365.
Applying these principles to the instant question, we find: (1) that fourth class cities are expressly granted the authority to employ special counsel by Section 79.230, RSMo 1978; (2) that Section 79.230, RSMo 1978, prescribes the manner in which this power is to be exercised, i.e., the mayor and the board of aldermen are to enact an ordinance employing the special counsel; and (3) therefore, a fourth class city may not employ special counsel by a method other than a properly adopted ordinance.
Very truly yours,
 JOHN ASHCROFT Attorney General